JUSTICE GRAY,
specially concurring.
I concur in the Court’s opinion on issues two through five. I specially concur in that opinion on issue one by agreeing with the result reached, namely that the issue does not present reversible reviewable error. I also agree with the Court’s analysis and resolution of the DqyZe-related question contained in issue one. I disagree entirely that the Doyle question is reviewable under the common law plain error doctrine and with the Court’s plain error analysis.
It is my view that this Court’s clear duty is to apply § 46-20-701(2), MCA, as duly enacted by the Montana Legislature, unless and until a constitutional challenge to that statute is mounted and succeeds. No such challenge is presented in this case. As a result, we are obligated to apply § 46-20-701(2), MCA, as written. Rather than do so, the Court continues down the erroneous and confusing path it charted long ago of relying on the statute when the statute suits us and falling back on the common law plain error doctrine when we do not desire to be bound by the statute. Such a path is, in my view, legal error; it also at least suggests to attorneys and the public that this is a result-oriented Court; and finally, it creates inconsistency and instability in the law, leaving practitioners at a loss as to the applicable law. I cannot join my brethren on such a path.
I appreciate the Court’s candor in setting forth some of the shortcomings of our earlier cases addressing the common law plain error doctrine and/or § 46-20-701, MCA. I applaud the Court’s good faith *149 effort to limit the damage it creates through its journeys down this path by “articulatfing] an understandable rationale and rule for this and future cases.” I am unpersuaded, however, that the “new” rationale and rule are any more understandable than the “old;” they do not appear to be any more limited.
The Court’s “new” common law plain error doctrine permits us to review, in our discretion,
claimed errors that implicate a criminal defendant’s fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of the § 46-20-701(2), MCA, criteria, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process.
The intended clarity of this rule escapes me. Libe the earlier editions of the Court’s plain error doctrine, this articulation essentially seems to boil down to claimed errors affecting jurisdictional or constitutional rights. The problem is that § 46-20-701(2), MCA, permits us to review a “claim alleging an error affecting jurisdictional or constitutional rights” to which no objection was made only where the defendant establishes that the error was prejudicial and one of the situations specified in § 46-20-701(2)(a)-(c), MCA, exists. It is undisputed that none of those situations exists in this case. Thus, it is my view that the statute precludes our review of the Doyle-related claim raised here on appeal.
I do not disagree with some of the Court’s statements about our authority under the Montana Constitution. However, the Montana Constitution also divides the power of the government of this State into three separate and distinct branches: legislative, executive, and judicial. Art. III, Sec. 1, Mont.Const. In addition, it provides that
[n]o person or persons charged with the exercise of power properly belonging to one branch shall exercise any power properly belonging to either of the others, except as in this constitution expressly directed or permitted.
Art. III, Sec. 1, Mont.Const.
“The legislative power is vested in a legislature. ...” Article V, Sec. 1, Mont. Const. The Legislature has exercised its power to enact a statute; absent a successful constitutional challenge to the propriety of that statute, we are obligated to apply it. Instead, while stating its “acbnowledg[ment of] the constraints of § 46-20-701(2), MCA,” the Court indulges in the luxury of selectively quoting from the Constitution in order to allow itself to continue to ignore a statute presumed *150 valid in the absence of a successful constitutional challenge. It is cases such as these, and actions such as this, which rightly result in the Legislature’s anger, frustration and indignation with this Court.